No. 24-2024

# United States Court of Appeals
# For the Federal Circuit

**LARRY GOLDEN,**

*Appellant,*

v.

**GOOGLE LLC,**

*Appellee.*

**DEFENDANT-APPELLEE GOOGLE'S RESPONSE TO
PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY AFFIRMANCE**

Appeal from the United States District Court for the Northern District of
California in Case No. 3:22-cv-05246-RFL, Judge Rita F. Lin

Matthew S. Warren
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114

*Counsel for Defendant-Appellee
Google LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---:|:---|
| **Case Number** | 24-2024 |
| **Short Case Caption** | Golden v. Google LLC |
| **Filing Party/Entity** | Google LLC |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/29/2024

Signature:

Name: Matthew S. Warren

1

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| Google LLC | | XXVI Holdings Inc.; Alphabet Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| Sachli Balazadeh-Nayeri | Wilson Sonsini Goodrich & Rosati, P.C. | Not expected to appear. |
| Virginia G. Kain | Shearman & Sterling LLP | Not expected to appear. |
| | | |

---

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below)     ☑ No     ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

---

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# **TABLE OF CONTENTS**

CERTIFICATE OF INTEREST. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

A.     Appellant's Action Against Google in the District of South Carolina . . . . . .7

B.     This Court's Decision on Appeal From the District of South Carolina . . . . . 9

C.     Appellant's Action Against Google in the Northern District
       of California. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

D.     Appellant's Motion for Summary Affirmance. . . . . . . . . . . . . . . . . . . . . . . 11

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

I.     Movants for Summary Affirmance Must Clear a High Bar. . . . . . . . . . . . 12

II.    Appellant's Motion Rests on a Legal Error. . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

*Cases* **Pages**

*Caldwell v. U.S.*,
No. 24-1122, 2024 WL 413456 (Fed. Cir. Feb. 5, 2024), *cert. denied*,
No. 23-7380, 2024 WL 2805857 (U.S. June 3, 2024). . . . . . . . . . . . . . . . . .11

*Golden v. Apple Inc.*,
No. 22-1267, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022). . . . . . .7, 8, 12, 13

*Golden v. Google, LLC*,
No. 21-244, 2021 WL 5890440 (D.S.C. Apr. 9, 2021), *R. & R. adopted as modified*, 2021 WL 5083804 (D.S.C. Nov. 2, 2021). . . . . . . . . . . . . . . . . .7

*Golden v. Google, LLC*,
No. 22-5246, 2024 WL 1880336 (N.D. Cal. Apr. 3, 2024), *recons. denied*,
No. 22-5246, 2024 WL 2745904 (N.D. Cal. May 28, 2024). . . . . . . . . . . . 7

*Golden v. Google, LLC*,
No. 22-5246, 2023 WL 5154513 (N.D. Cal. Aug. 10, 2023). . . . . . . . . . . . 9

*Golden v. Samsung Elecs. Am., Inc.*,
No. 23-2120, 2024 WL 539973 (Fed. Cir. Feb. 12, 2024). . . . . . . . . . . . . . 5

*Harley v. U.S.*,
349 F. Supp. 2d 980 (M.D.N.C. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hirschfield v. U.S.*,
No. 24-1338, 2024 WL 1953604 (Fed. Cir. May 3, 2024). . . . . . . . . . . . . 11

*Joshua v. U.S.*,
17 F.3d 378 (Fed. Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

*Nazomi Commc'ns, Inc. v. Nokia Corp.*,
739 F.3d 1339 (Fed. Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Telemac Cellular Corp. v. Topp Telecom, Inc.*,
247 F. 3d 1316 (Fed. Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

# TABLE OF AUTHORITIES
*(continued)*

*Other Proceedings* **Pages**

*Golden v. Google, LLC,*
    No. 21-244, (D.S.C.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Golden v. Google, LLC,*
    No. 22-5246, (N.D. Cal.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 11, 13

Appellee Google LLC respectfully submits this response to Appellant Larry Golden's motion for summary affirmance.

## INTRODUCTION

Appellant's motion rests on a legal error, and the Court should therefore deny it. On a previous appeal from a dismissal for frivolity by the District of South Carolina, this Court held that Mr. Golden's previous complaint was "not facially frivolous," but expressly noted that its "decision does not preclude subsequent motions to dismiss by the defendant for failure to state a claim or for summary judgment." Following this ruling, Google brought a motion to dismiss for failure to state a claim, which the Northern District of California granted. In the current motion, Appellant argues that this Court's prior opinion precluded Google's subsequent motion for failure to state a claim, despite that opinion's explicit confirmation of the opposite. Appellant's motion stands on this error, and falls without it. The Court should deny the motion and proceed to the merits.

## BACKGROUND

A.     **Appellant's Action Against Google in the District of South Carolina**

In January 2021, Appellant Larry Golden ("Appellant" or "Mr. Golden") filed a complaint alleging patent infringement against Appellee Google LLC ("Google") in the District of South Carolina. *Golden v. Google, LLC*, No. 21-244, Docket No. 1 (D.S.C. Jan. 26, 2021). But the District of South Carolina did not

allow Mr. Golden to effect service on Google.  Instead, "[u]nder established local procedure," the District of South Carolina explained, "a careful review has been made of the *pro se* pleadings," based on the Court's "inherent authority to review the *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous."  *Golden v. Google, LLC*, No. 21-244, 2021 WL 5890440, at *1 (D.S.C. Apr. 9, 2021), *R. & R. adopted as modified*, 2021 WL 5083804 (D.S.C. Nov. 2, 2021).

"In reviewing a complaint for frivolousness or malice, the Court looks to see whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios."  *Golden*, 2021 WL 5890440, at *4 (citing *Harley v. U.S.*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004)).  Applying this standard, Magistrate Judge McDonald issued a Report and Recommendation finding that "the plaintiff's complaint is subject to dismissal as frivolous."  *Id.*  Mr. Golden objected, but District Judge Dawson "agree[d] with the Report that Plaintiff's amended complaint should be dismissed with prejudice because it is frivolous."  *Golden v. Google, LLC*, No. 21-244, 2021 WL 5083804, at *3 (D.S.C. Nov. 2, 2021), *vacated and remanded sub nom. Golden v. Apple Inc.*, No. 22-1267, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022).

**B.      This Court's Decision on Appeal From the District of South Carolina**

Mr. Golden appealed.  *Golden v. Apple Inc.*, No. 22-1267, 2022 WL

4103285, at *1 (Fed. Cir. Sept. 8, 2022).  This Court vacated and remanded.  *Id.* at

*2.  The Court found that Mr. Golden's complaint "attempts—whether successfully

or not—to map claim limitations to infringing product features, and it does so in a

relatively straightforward manner."  *Id.*  As the Court explained its reasoning:

> We conclude that the district court's decision in the Google case is not
> correct with respect to at least the three claims mapped out in the claim
> chart.  Mr. Golden has made efforts to identify exactly how the accused
> products meet the limitations of his claims in this chart.  On remand, the
> district court should allow the complaint to be filed and request service of
> process.  Our decision does not preclude subsequent motions to dismiss by
> the defendant for failure to state a claim or for summary judgment.  We
> express no opinion as to the adequacy of the complaint or claim chart except
> that it is not facially frivolous.

*Id.*  The Court thus resolved the question before it—was the complaint "facially

frivolous"?—while reserving any other question "as to the adequacy of the

complaint or claim chart," and noting that such questions might arise through

"subsequent motions to dismiss by the defendant for failure to state a claim."  *Id.*

**C.      Appellant's Action Against Google in the Northern District of California**

Following remand, Mr. Golden did not proceed in the District of South

Carolina, but instead filed a complaint against Google in the Northern District of

California.  *Golden v. Google, LLC*, No. 22-5246, Docket No. 1 (N.D. Cal. Sept.

14, 2022).  Mr. Golden's complaint in California used the same claim charts he had

previously filed in South Carolina. *Compare id.* at 23-29 *with Golden v. Google, LLC*, No. 21-244, Docket No. 1 at 23-29 (D.S.C. Jan. 26, 2021).

Google moved to dismiss Mr. Golden's complaint for failure to state a claim, arguing that Mr. Golden's complaint alleged "that some Google Pixel devices *could* infringe his asserted patents *if* a user were to add an additional application, ATAK, which Mr. Golden admits that Google does not make or sell." *Golden v. Google, LLC*, No. 22-5246, Docket No. 11 at 6:23-25 (N.D. Cal. Oct. 26, 2022) (emphasis in original). As Google's motion explained, Mr. Golden's complaint could not survive the rule "that a device is capable of being modified to operate in an infringing manner is not sufficient, by itself, to support a finding of infringement." *Id.* at 6:27-7:2 (citing *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F. 3d 1316, 1330 (Fed. Cir. 2001) (citation omitted)).

The District Court granted Google's motion, holding that, "[e]ven affording Plaintiff the benefit of the doubt, his own claim chart makes it clear that Defendant's products purportedly infringe because of the characteristics of the ATAK application." *Golden v. Google LLC*, No. 22-5246, 2023 WL 5154513, at *4 (N.D. Cal. Aug. 10, 2023). The Court granted leave to amend. *Id.* at *5.

Mr. Golden filed an amended complaint. *Golden v. Google LLC*, No. 22-5246, Docket No. 42 (N.D. Cal. Aug. 23, 2023). Google again moved to dismiss for failure to state a claim, noting that Appellant's "direct infringement

theories require modification of Google's products to show infringement, and thus confirm that Google's products themselves do not infringe—the same failure that doomed plaintiff's original complaint." No. 22-5246, Docket No. 44 at 1:2-4 (N.D. Cal. Sept. 7, 2023). The District Court granted this motion, holding that "[t]he FAC alleges five theories of direct infringement, all of which suffer from the same defect for which the original complaint was dismissed: the theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." *Golden v. Google LLC*, No. 22-5246, 2024 WL 1880336, at *1 (N.D. Cal. Apr. 3, 2024), *recons. denied*, No. 22-5246, 2024 WL 2745904 (N.D. Cal. May 28, 2024) (citing *Golden v. Samsung Elecs. Am., Inc.*, No. 23-2120, 2024 WL 539973, at *3 (Fed. Cir. Feb. 12, 2024)). This time, the District Court denied leave to amend the complaint. *Golden*, 2024 WL 1880336, at *2.

After seeking reconsideration and disqualification of the presiding Judge, No. 22-5246, Docket No. 72 (N.D. Cal. May 28, 2024), Mr. Golden filed this appeal. *See* Docket No. 1.

**D.    Appellant's Motion for Summary Affirmance**

Mr. Golden's motion, although styled as seeking summary affirmance, appears to seek summary reversal of the District Court's dismissal. *See generally* Docket No. 10. Mr. Golden argues that this Court's previous decision vacating and remanding the District of South Carolina's frivolity dismissal before service

prevents the Northern District of California from granting Google's motion to dismiss for failure to state a claim. *See, e.g.*, *id.* at 2. Although Mr. Golden does not use those words, his motion appears to ask the Court to reverse the District Court's decision without reviewing the merits briefing. *See, e.g.*, *id.* at 5.

## ARGUMENT

### I. Movants for Summary Affirmance Must Clear a High Bar

Summary affirmance without merits briefing is appropriate only "when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. U.S.*, 17 F.3d 378, 380 (Fed. Cir. 1994). This Court rarely grants summary affirmance; Google has located only two such grants since January 1, 2024. *Caldwell v. U.S.*, No. 24-1122, 2024 WL 413456, at *1 (Fed. Cir. Feb. 5, 2024), *cert. denied*, No. 23-7380, 2024 WL 2805857 (U.S. June 3, 2024); *Hirschfield v. U.S.*, No. 24-1338, 2024 WL 1953604, at *1 (Fed. Cir. May 3, 2024). Aside from Mr. Golden's present motion, Google has not located any motions seeking summary reversal without merits briefing; if such motions are authorized at all, the standard they must clear is surely no lower than the standard required for summary affirmance.

### II. Appellant's Motion Rests on a Legal Error

Mr. Golden's motion relies on a legal error. It argues that this Court's decision vacating and remanding the District of South Carolina's frivolity dismissal

12

prevented the Northern District of California from granting dismissal for failure to state a claim. *See, e.g.*, Docket No. 10 at 2-3. But the two Courts entered different rulings, considering different arguments by different parties and applying different standards. In its prior opinion, this Court ruled only that Mr. Golden's complaint was "not facially frivolous," and specifically allowed "subsequent motions to dismiss by the defendant for failure to state a claim." *Golden v. Apple Inc.*, No. 22-1267, 2022 WL 4103285, at *2 (Fed. Cir. Sept. 8, 2022). Google filed just such a motion, *see supra* § C, and the Northern District of California granted it under the applicable standard, including this Court's decisions in *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) and *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001). *See Golden v. Google LLC*, No. 22-5246, 2024 WL 1880336, at *2 (N.D. Cal. Apr. 3, 2024).

Appellant misreads this Court's previous opinion to mean that "Golden submitted enough factual information on literal infringement, infringement under the doctrine of equivalents, induced infringement, contributory infringement, willful infringement, and joint infringement" and thus conclusively stated a claim. Docket No. 10 at 5. But that opinion reserved judgment on the sufficiency of the pleading, opining only on the question of frivolousness. *See Golden v. Apple Inc.*, No. 22-1267, 2022 WL 4103285, at *2 (Fed. Cir. Sept. 8, 2022). To quell any possible doubt, this Court specifically stated that its prior ruling "does not preclude

subsequent motions to dismiss by the defendant for failure to state a claim." *Id.*

Mr. Golden's reading accordingly misreads this Court's previous opinion.

*See supra* § B. Appellant's motion rests entirely on this error, and collapses totally

without it. The motion is not "so clearly correct as a matter of law that no

substantial question regarding the outcome of the appeal exists." *Joshua v. U.S.*,

17 F.3d 378, 380 (Fed. Cir. 1994). It is not correct at all.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court deny

Mr. Golden's motion and proceed to briefing on the merits.

Date: July 29, 2024                      Respectfully submitted,

_____
Matthew S. Warren (State Bar No. 230565)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
22-5246@cases.warrenlex.com

*Counsel for Appellee-Defendant Google LLC*

14

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 24-2024

**Short Case Caption:** Golden v. Google LLC

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

- ☑ the filing has been prepared using a proportionally-spaced typeface and includes __1849__ words.

- ☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

- ☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 07/29/2024

Signature:

Name: Matthew S. Warren