**2024-2024**

# United States Court of Appeals
# for the Federal Circuit

LARRY GOLDEN,

*Plaintiff-Appellant,*

*v.*

GOOGLE LLC,

*Defendant-Appellee.*

*Appeal from the United States District Court for the District of the
Northern District of California, in Case No. 3:22-cv-05246-RFL
(Hon. Rita F. Lin, Judge)*

## BRIEF OF APPELLEE

Matthew S. Warren
WARREN KASH WARREN LLP
2261 Market Street, Suite 606
San Francisco, California, 94114
(415) 895-2940
matt@warrenkashwarren.com

*Counsel for Defendant-Appellee*

NOVEMBER 18, 2024

CP COUNSEL PRESS   (800) 4-APPEAL • (JOB 714096)

FORM 9. Certificate of Interest

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| **Case Number** | 24-2024 |
|---|---|
| **Short Case Caption** | Golden v. Google LLC |
| **Filing Party/Entity** | Google LLC |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/15/2024

Signature:

Name: Matthew S. Warren

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| Google LLC | | XXVI Holdings Inc.; Alphabet Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

**FORM 9. Certificate of Interest**

---

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☑     None/Not Applicable          ☐     Additional pages attached

| | | |
|---|---|---|
| Sachli Balazadeh-Nayeri | Wilson Sonsini Goodrich & Rosati, P.C. | Not expected to appear. |
| Virginia G. Kain | Shearman & Sterling LLP | Not expected to appear. |
| | | |

---

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐     Yes (file separate notice; see below)     ☑     No     ☐     N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

---

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑     None/Not Applicable          ☐     Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .............................................................. iv

STATEMENT OF RELATED CASES ........................................... 1

JURISDICTIONAL STATEMENT .............................................. 5

STATEMENT OF THE ISSUES.................................................. 5

STATEMENT OF THE CASE....................................................... 5

    A.    Mr. Golden's Asserted Patents..................................... 5

    B.    Mr. Golden Sues Google in the District of South Carolina ............................................................................ 6

    C.    Mr. Golden Appeals from the District of South Carolina's Dismissal for Frivolity Without Service on Google ....................................................................... 7

    D.    Mr. Golden Sues Google in the Northern District of California..................................................................... 8

        1.    Mr. Golden's Original Complaint.................................... 8

        2.    Google's Motion to Dismiss the Original Complaint..................................................................... 9

        3.    The District Court's Dismissal of the Original Complaint................................................................... 10

        4.    Mr. Golden's Amended Complaint .............................. 12

        5.    Google's Motion to Dismiss the Amended Complaint................................................................... 14

        6.    The District Court's Dismissal of the Amended Complaint................................................................... 18

    E.    This Appeal ............................................................. 21

SUMMARY OF THE ARGUMENT ........................................... 22

STANDARD OF REVIEW ......................................................... 23

ARGUMENT ............................................................................. 25

I.  This Court's Previous Ruling, Which Vacated and Remanded the District of South Carolina's Dismissal for Frivolity, Has No Bearing on This Appeal From the Northern District of California's Dismissal for Failure to State a Claim on Which Relief Can Be Granted .................. 25

   A.  The Doctrine of Issue Preclusion .................................... 26

   B.  No Court Has Actually Litigated or Resolved the Issues Here ....................................................................... 26

   C.  Google Did Not Have a Full and Fair Opportunity to Litigate ................................................. 28

   D.  This Court Has Previously Confirmed the Limited Scope of Its Order Vacating the District of South Carolina's Frivolity Ruling ............................. 29

II.  The Amended Complaint Fails to State Claims of Direct Infringement .................................................................... 30

   A.  As This Court Has Repeatedly Held, a Device That Must Be Modified to Infringe is a Not an Infringing Device ............................................................. 31

   B.  The Amended Complaint Accuses of Infringement Devices That Must Be Modified to Infringe, Which Are Not Infringing Devices ................. 33

III. The Amended Complaint Fails to State Claims of Indirect Infringement .................................................................. 34

   A.  Indirect Infringement Requires Direct Infringement .................................................................... 34

   B.  The Amended Complaint Fails to Allege Indirect Infringement .................................................................... 35

IV.  The Amended Complaint Fails to Allege Joint Infringement ............................................................................ 36

   A.  Joint Infringement Requires Direct Infringement .......... 36

   B.  The Amended Complaint Fails to Allege Joint Infringement .................................................................... 37

V.    The Amended Complaint Fails to Allege Willful Infringement ............................................................... 38

      A.    Willful Infringement Requires Direct Infringement ................................................ 38

      B.    The Amended Complaint Fails to Allege Willful Infringement ................................................ 38

VI.    The District Court Correctly Denied Leave to Amend ............ 39

CONCLUSION ......................................................................... 42

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ........................................................35

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
797 F.3d 1020 (Fed. Cir. 2015) ................................................. 36, 37

*Artrip v. Ball Corp.*,
735 F. App'x 708 (Fed. Cir. 2018) ......................................................30

*Arunachalam v. Apple, Inc.*,
806 F. App'x 977 (Fed. Cir. 2020) ......................................................30

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..............................................................23, 30, 31

*Bannum, Inc. v. United States*,
779 F.3d 1376 (Fed. Cir. 2015) ..........................................................24

*Bayer Healthcare LLC v. Baxalta Inc.*,
989 F.3d 964 (Fed. Cir. 2021)..............................................................39

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)......................................................................23, 30

*Bennett Marine, Inc. v. Lenco Marine, Inc.*,
549 F. App'x 947 (Fed. Cir. 2013) .....................................................38

*Blonder-Tongue Lab'ys, Inc. v. Univ. of Ill. Found.*,
402 U.S. 313 (1971)..............................................................................28

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ............................................. 30, 31, 34

*Brain Life, LLC v. Elekta Inc.*,
746 F.3d 1045 (Fed. Cir. 2014) ..........................................................26

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
424 F.3d 1293 (Fed. Cir. 2005) ..........................................................24

*Cultor Corp. v. A.E. Staley Mfg. Co.*,
224 F.3d 1328 (Fed. Cir. 2000) ............................................. 39-40, 41

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
363 F.3d 1263 (Fed. Cir. 2004) ...........................................................34

*Engel Indus., Inc. v. Lockformer Co.*,
166 F.3d 1379 (Fed. Cir. 1999) ...........................................................25

*Erickson v. Pardus*,
551 U.S. 89 (2007).............................................................................23

*Fantasy Sports Props., Inc. v. Sportsline.com, Inc.*,
287 F.3d 1108 (Fed. Cir. 2002) ................................................. 10, 31

*Golden v. Apple Inc.*,
No. 22-1267, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022)......................... *passim*

*Golden v. Apple Inc.*,
819 F. App'x 930 (Fed. Cir. Sept. 3, 2020) ...........................................2

*Golden v. Apple, Inc.*,
No. 23-1161, 2023 WL 3400595 (Fed. Cir. May 12, 2023)..................3

*Golden v. Google,*
2021 WL 5083804 (D.S.C. Nov. 2, 2021).......................... 1, 7, 27, 28

*Golden v. Google, LLC*,
No. 21-244, Docket No. 1 (D.S.C. Jan. 26, 2021), 2021 WL 5890440
(D.S.C. Apr. 9, 2021) ......................................................... 1, 6, 7, 28

*Golden v. Google, LLC*,
No. 21-244, 2022 WL 18831682 (D.S.C. Nov. 14, 2022), *R. & R. adopted*,
No. 21-244, 2023 WL 3007187 (D.S.C. Apr. 19, 2023) ...................8, 9

*Golden v. Intel Corp.*,
No. 23-1257, 2023 WL 3262948 (Fed. Cir. May 5, 2023)..............3, 41

*Golden v. Qualcomm, Inc.*,
No. 23-1818, 2023 WL 6561044 (Fed. Cir. Oct. 10, 2023), *cert. denied*,
144 S. Ct. 1059 (2024), *reh'g denied*, 144 S. Ct. 2553 (2024)........................3, 29

*Golden v. Samsung Elecs. Am., Inc.*,
No. 23-2120, 2024 WL 539973 (Fed. Cir. Feb. 12, 2024),
*cert. denied*, 144 S. Ct. 1395 (2024)........................................... *passim*

*Golden v. United States*,
No. 18-1942, Docket No. 12 (Fed. Cir. Aug. 1, 2018)......................1, 2

*Golden v. United States*,
  No. 19-2135, 2019 WL 11585249 (Fed. Cir. Sept. 13, 2019) ...............................2

*Golden v. United States*,
  No. 23-2139, 2023 WL 8663093 (Fed. Cir. Dec. 15, 2023), *cert. denied*,
  144 S. Ct. 1099 (2024), *reh'g denied*, 144 S. Ct. 2554 (2024)............................4

*Golden v. United States*,
  No. 24-2256 (Fed. Cir. Aug. 26, 2024), Docket No. 7 (Fed. Cir. Sept. 4, 2024),
  Docket No. 9 (Fed. Cir. Sept. 11, 2024) ................................................................1

*Golden v. United States*,
  955 F.3d 981 (Fed. Cir. Apr. 10, 2020) ................................................................2

*Golden v. United States*,
  No. 13-307, 2021 WL 3238860 (Fed. Cl. July 29, 2021)....................................32

*Golden v. United States.*,
  No. 22-1196, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022) ..............................2, 3

*Hansberry v. Lee*,
  311 U.S. 32 (1940)...............................................................................................28

*Hardwick v. Cnty. of Orange*,
  980 F.3d 733 (9th Cir. 2020) ..............................................................................26

*Heidary v. Amazon.com, Inc.*,
  No. 24-1580, 2024 WL 4489918 (Fed. Cir. Oct. 15, 2024) ...............................34

*High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*,
  49 F.3d 1551 (Fed. Cir. 1995)...................................................................... 11, 32

*In re Golden*,
  No. 19-100, Docket No. 4 (Fed. Cir. Nov. 5, 2018) .............................................2

*INVT SPE LLC v. Int'l Trade Comm'n*,
  46 F.4th 1361 (Fed. Cir. 2022) .................................................................... 25, 31

*Janjua v. Neufeld*,
  933 F.3d 1061 (9th Cir. 2019) .............................................................. 26, 27, 28

*Joshua v. United States*,
  17 F.3d 378 (Fed. Cir. 1994)...............................................................................22

*Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*,
  464 F.3d 1339 (Fed. Cir. 2006) ...................................................................39, 41

vi

*Kendall v. Visa U.S.A., Inc.*,
518 F.3d 1042 (9th Cir. 2008) ...............................................................26

*Koss Corp. v. Bose Corp.*,
107 F.4th 1363 (Fed. Cir. 2024) ............................................................26

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
714 F.3d 1277 (Fed. Cir. 2013) .............................................................23

*Lund v. Cowan*,
5 F.4th 964 (9th Cir. 2021) ...................................................................24

*Lyda v. CBS Corp.*,
838 F.3d 1331 (Fed. Cir. 2016) ...................................................... 36, 37

*Mejia v. Chipotle Mexican Grill, Inc.*,
793 F. App'x 519 (9th Cir. 2019) ..........................................................41

*Missouri ex rel. Koster v. Harris*,
847 F.3d 646 (9th Cir. 2017) .................................................................41

*Mobile Acuity Ltd. v. Blippar Ltd.*,
110 F.4th 1280 (Fed. Cir. 2024) ..................................................... 24, 40

*Moore U.S.A., Inc. v. Standard Reg. Co.*,
229 F.3d 1091 (Fed. Cir. 2000) .............................................................25

*Murray v. Schriro*,
745 F.3d 984 (9th Cir. 2014) ......................................................... 24, 40

*Nazomi Commc'ns, Inc. v. Nokia Corp.*,
739 F.3d 1339 (Fed. Cir. 2014) .............................................................31

*OIP Techs., Inc. v. Amazon.com, Inc.*,
788 F.3d 1359 (Fed. Cir. 2015) .............................................................23

*Okor v. Sega of Am.*,
30 F. App'x 950 (Fed. Cir. 2002) ..........................................................31

*Oyeniran v. Holder*,
672 F.3d 800 (9th Cir. 2012) .................................................................26

*Parklane Hosiery Co. v. Shore*,
439 U.S. 322 (1979)................................................................................28

*RF Del., Inc. v. Pac. Keystone Techs., Inc.*,
326 F.3d 1255 (Fed. Cir. 2003) .............................................................26

*Sanderling Mgmt. Ltd. v. Snap Inc.*,
   65 F.4th 698 (Fed. Cir. 2023) ...................................................... 39, 40

*Sec. & Exch. Comm'n v. Stein*,
   906 F.3d 823 (9th Cir. 2018) ...............................................................26

*SmithKline Beecham Corp. v. Apotex Corp.*,
   439 F.3d 1312 (Fed. Cir. 2006) .................................................. *passim*

*Steffen v. United States*,
   995 F.3d 1377 (Fed. Cir. 2021) .........................................................24

*Stryker Corp. v. Davol, Inc.*,
   234 F.3d 1252 (Fed. Cir. 2000) .........................................................32

*Telemac Cellular Corp. v. Topp Telecom, Inc.*,
   247 F.3d 1316 (Fed. Cir. 2001) .........................................................32

*Toth v. Trans World Airlines, Inc.*,
   862 F.2d 1381 (9th Cir. 1988) ...........................................................21

*United States v. United Healthcare Ins. Co.*,
   848 F.3d 1161 (9th Cir. 2016) ...........................................................24

*Whitaker v. Tesla Motors, Inc.*,
   985 F.3d 1173 (9th Cir. 2021) ...........................................................23

*Yufa v. TSI, Inc.*,
   600 F. App'x 747 (Fed. Cir. 2015) ............................................. *passim*

**Statutes & Other Authorities:**

28 U.S.C. § 144 ....................................................................................21

28 U.S.C. § 1131 .....................................................................................5

28 U.S.C. § 1295(a)(1) ............................................................................5

28 U.S.C. § 1338(a) .................................................................................5

Fed. R. App. P. 10(a) .............................................................................25

Fed. R. Civ. P. 12(b)(6) ....................................................... 9, 23, 30, 36

Restatement (Second) of Torts § 491 ...................................................37

# STATEMENT OF RELATED CASES

There are no other appeals in or from the same civil action or proceeding in the lower court that were previously before this or any other appellate court.

Appellant Larry Golden ("Appellant" or "Mr. Golden") previously sued Google in the United States District Court for the District of South Carolina. *Golden v. Google, LLC*, No. 21-244 (D.S.C. Jan. 26, 2021). The District Court dismissed Mr. Golden's claims without allowing issuance of service of process after finding them to be frivolous. *Id.*, 2021 WL 5083804, at *3 (D.S.C. Nov. 2, 2021). Mr. Golden appealed, and this Court vacated and remanded. *Golden v. Apple Inc.*, No. 22-1267, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022). Appellant did not pursue his claims before the District of South Carolina.

Appellant has one appeal currently pending before this Court from a case asserting infringement of overlapping patents. *Golden v. United States*, No. 24-2256 (Fed. Cir. Aug. 26, 2024). In that appeal, both Appellant and appellee United States of America filed motions seeking summary affirmance. *Id.*, Docket No. 7 (Fed. Cir. Sept. 4, 2024); *id.*, Docket No. 9 (Fed. Cir. Sept. 11, 2024). These motions remain pending.

Appellant has brought other cases, and appealed them to this Court, that addressed some or all of the patents in this appeal. In *Golden v. United States*, No. 18-1942, Mr. Golden appealed from an order granting the United States' motion to

dismiss by the United States Court of Federal Claims.  This Court dismissed the appeal for lack of jurisdiction.  *Id.*, Docket No. 12 (Fed. Cir. Aug. 1, 2018).

In *In re Golden*, No. 19-100, Mr. Golden filed a petition for writ of mandamus to the United States Court of Federal Claims.  This Court denied the petition.  *Id.*, Docket No. 4 (Fed. Cir. Nov. 5, 2018).

In *Golden v. United States*, No. 19-2135, Mr. Golden appealed from an order granting a motion to dismiss by the United States Court of Federal Claims.  This Court dismissed the appeal for lack of jurisdiction.  *Id.*, 2019 WL 11585249 (Fed. Cir. Sept. 13, 2019).

In *Golden v. United States*, No. 19-2134, Mr. Golden appealed from an order granting a motion to dismiss by the United States Court of Federal Claims.  This Court affirmed the dismissal.  *Golden v. United States*, 955 F.3d 981 (Fed. Cir. Apr. 10, 2020).

In *Golden v. Apple Inc.*, No. 20-1508, Mr. Golden appealed from an order granting a motion to dismiss by the United States District Court for the District of South Carolina.  This Court affirmed the dismissal.  *Golden v. Apple Inc.*, 819 F. App'x 930 (Fed. Cir. Sept. 3, 2020).

In *Golden v. United States*, No. 22-1196, Mr. Golden appealed from an order granting a motion to dismiss by the United States District Court for the District of

South Carolina.  This Court affirmed the dismissal.  *Id.*, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022).

In *Golden v. Apple Inc.*, No. 22-1229, Mr. Golden appealed from an order granting a motion to dismiss by the United States District Court for the District of South Carolina.  This Court affirmed the dismissal.  *Id.*, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022).

In *Golden v. Intel Corp.*, No. 23-1257, Mr. Golden appealed from an order granting a motion to dismiss by the United States District Court for the Northern District of California.  This Court affirmed the dismissal.  *Id.*, 2023 WL 3262948 (Fed. Cir. May 5, 2023).

In *Golden v. Apple, Inc.*, No. 23-1161, Mr. Golden appealed from an order granting a motion to dismiss by the United States District Court for the Northern District of California.  This Court affirmed the dismissal.  *Id.*, 2023 WL 3400595 (Fed. Cir. May 12, 2023).

In *Golden v. Qualcomm, Inc.*, No. 23-1818, Mr. Golden appealed from an order granting a motion to dismiss by the United States District Court for the Northern District of California.  This Court affirmed the dismissal.  *Id.*, 2023 WL 6561044 (Fed. Cir. Oct. 10, 2023), *cert. denied*, 144 S. Ct. 1059 (2024), *reh'g denied*, 144 S. Ct. 2553 (2024).

In *Golden v. United States*, No. 23-2139, Mr. Golden appealed from an order granting a motion to dismiss by the United States Court of Federal Claims. The United States moved for summary affirmance, and this Court granted the motion. *Id.*, 2023 WL 8663093 (Fed. Cir. Dec. 15, 2023), *cert. denied*, 144 S. Ct. 1099 (2024), *reh'g denied*, 144 S. Ct. 2554 (2024).

In *Golden v. Samsung Elecs. Am., Inc.*, No. 23-2120, Mr. Golden appealed from an order granting a motion to dismiss by the United States District Court for the Northern District of California. This Court affirmed the dismissal. *Id.*, 2024 WL 539973 (Fed. Cir. Feb. 12, 2024), *cert. denied*, 144 S. Ct. 1395 (2024).

# JURISDICTIONAL STATEMENT

The United States District Court for the Northern District of California had jurisdiction under 28 U.S.C. §§ 1131 and 1338(a). This Court has jurisdiction under 28 U.S.C. § 1295(a)(1).

# STATEMENT OF THE ISSUES

1. Does this Court's prior ruling in *Golden v. Apple Inc.*, No. 22-1267, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022), which held that Mr. Golden's prior complaint was "not facially frivolous" but confirmed that it otherwise "express[ed] no opinion as to the adequacy of the complaint or claim chart" and did not "preclude subsequent motions to dismiss by the defendant for failure to state a claim or for summary judgment," control the outcome of this appeal from a subsequent motion to dismiss for failure to state a claim?

2. Did the District Court properly determine that Mr. Golden's amended complaint "fails to allege direct or indirect infringement," and therefore grant Google's motion to dismiss without further leave to amend? SAppx2.

# STATEMENT OF THE CASE

## A. Mr. Golden's Asserted Patents

Appellant holds at least ten patents including the four at issue here, United States Patent Nos. 9,096,189 (the "'189 Patent"), 9,589,439 (the "'439 Patent"), 10,163,287 (the "'287 Patent"), and 10,984,619 (the "'619 Patent"). The patents-

in-suit address "anti-terrorist detection and prevention systems," specifically, "a chemical/biological/radiological detector unit with a disabling locking system for protecting products that can be grouped into several product groupings, from terrorist activity, and also for preventing unauthorized access to and tampering with the storage and transport of ordnance and weapons." SAppx894-895, SAppx922-923, SAppx952-953, SAppx979-980.

The patents disclose "[a] multi sensor detection and disabling lock system" which includes "detectors that sample for chemical, biological and radiological compounds, agents and elements," that are connected to "surveillance towers scanning detector cases disposed at seaport docks, freight depots and rail terminals for monitoring containers being prepared for shipment or sitting on docks for long periods of time." SAppx878, SAppx905, SAppx935, SAppx962.

## B.     Mr. Golden Sues Google in the District of South Carolina

On January 26, 2021, Mr. Golden filed a complaint in the United States District Court for the District of South Carolina, alleging patent infringement against Google. *Golden v. Google, LLC*, No. 21-244, Docket No. 1 (D.S.C. Jan. 26, 2021). Under "established local procedure" and its "inherent authority to review the *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous," a Magistrate Judge of that Court undertook a "careful review" of the complaint. *Id.*, 2021 WL 5890440, at *1 (D.S.C. Apr. 9, 2021).

The Judge recommended dismissal "*with* prejudice and without issuance and service of process." *Id.* at *5 (emphasis in original). Although Mr. Golden objected to the report and recommendation, the District Court entered judgment of dismissal without leave to amend, reasoning that Mr. Golden's complaint "should be dismissed with prejudice because it is frivolous." *Id.*, 2021 WL 5083804, at *3 (D.S.C. Nov. 2, 2021).

## C. Mr. Golden Appeals from the District of South Carolina's Dismissal for Frivolity Without Service on Google

Mr. Golden appealed. *Golden v. Apple Inc.*, No. 2022 WL 4103285. This Court vacated and remanded the District Court's determination, stating that Mr. Golden's complaint "attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straightforward manner." *Id.* at *2. As this Court explained:

> We conclude that the district court's decision in the Google case is not correct with respect to at least the three claims mapped out in the claim chart. Mr. Golden has made efforts to identify exactly how the accused products meet the limitations of his claims in this chart. On remand, the district court should allow the complaint to be filed and request service of process. Our decision does not preclude subsequent motions to dismiss by the defendant for failure to state a claim or for summary judgment. We express no opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous.

*Id.* This Court thus resolved the question before it—was the complaint "facially frivolous"?—while reserving any other question "as to the adequacy of the

complaint or claim chart," and noting that such questions might arise through "subsequent motions to dismiss by the defendant for failure to state a claim." *Id.*

## D. Mr. Golden Sues Google in the Northern District of California

### 1. Mr. Golden's Original Complaint

On September 14, 2022, six days after this Court's remand to the District of South Carolina, Mr. Golden filed a new complaint in the United States District Court for the Northern District of California, again alleging patent infringement against Google. SAppx54-213. The complaint alleged that Google infringed the '189, '439, and '287 patents because it "makes, uses, offer [sic] to sell, or sells Google Pixel smartphones 3, 3XL, 3a, 3aXL, 4a, 4a(5G), and 5." SAppx55. The complaint included claim charts setting forth Appellant's infringement claims against Google regarding the '189, '439, and '287 patents. SAppx76-82.[1]

---

[1] Mr. Golden did not further pursue his action in the District of South Carolina, and did not make any further filings there. Upon remand from this Court, the District of South Carolina returned that action to the Magistrate Judge, who recommended dismissal without prejudice in favor of Mr. Golden's new action against Google in California. *Golden v. Google, LLC*, No. 21-244, 2022 WL 18831682 (D.S.C. Nov. 14, 2022), *R. & R. adopted*, No. 21-244, 2023 WL 3007187 (D.S.C. Apr. 19, 2023).

The Court recognized that Mr. Golden's California action "is procedurally farther along than the instant matter because a summons has already been issued, the defendant has been served, and there is a pending dispositive motion." *Id.* at *4. The Court found that Mr. Golden "has not effected service in the South Carolina action, evidently electing instead to proceed in" California. *Id.* The Magistrate Judge therefore recommended dismissal of the "action without prejudice and without issuance and service of process." *Id.* The District Court adopted the report and recommendation and dismissed the action "without

**2.      Google's Motion to Dismiss the Original Complaint**

Under Federal Rule of Civil Procedure 12(b)(6), Google moved to dismiss for failure to state a claim upon which relief may be granted.  SAppx214-229. Google argued that Mr. Golden's "complaint accuses Google of patent infringement by making and selling Pixel devices, but admits on its face that the accused Pixel devices cannot infringe without adding an additional application, called Android Team Awareness Kit or 'ATAK,' that the plaintiff concedes Google does not make or sell."  SAppx221; *see also* SAppx226-227.  As a result, Google argued, the complaint "does not actually allege that Google infringes; it claims only that Google makes devices that someone else could modify, by installing additional software, into an allegedly infringing device."  SAppx221. Because "a device that requires modification to infringe is by definition a non-infringing device," the "complaint thus admits that Google makes and sells non-infringing devices, and therefore fails to state a claim on which this Court can grant relief."  SAppx221.

In opposition, Appellant did not argue the merits of his infringement claim, but contended only that Google's motion was "barred by 'issue preclusion' because the factual allegations submitted by Plaintiff, have been fully litigated and

---

prejudice and without issuance and service of process."  *Golden v. Google, LLC*, No. 21-244, 2023 WL 3007187, at *1 (D.S.C. Apr. 19, 2023).  Mr. Golden did not challenge this ruling.

decided on Appeal by a Three-Judge Panel" of this Court, referring to this Court's opinion vacating and remanding the District of South Carolina's dismissal for frivolity. SAppx230; *see supra* § C.

In reply, Google explained that the opposition did not address the substance of Google's motion (SAppx272), and that no preclusion applied to the complaint, because the only issue before this Court on the previous appeal, "and, as its opinion was careful to note, the only issue on which it ruled—was whether the District of South Carolina's pre-service review procedure should bar Mr. Golden from serving his complaint." SAppx270 (citing *Golden v. Apple*, 2022 WL 4103285, at *1).

### 3. The District Court's Dismissal of the Original Complaint

The District Court granted Google's motion. SAppx274-281. It first found that "[i]ssue preclusion does not bar Google's motion to dismiss." SAppx279. The District Court then explained that this Court "has made it clear that its precedent 'does not stand for the proposition . . . that infringement may be based upon a finding that an accused product is merely capable of being modified in a manner that infringes the claims of a patent.'" SAppx277 (alteration in original) (quoting *Fantasy Sports Props., Inc. v. Sportsline.com, Inc.*, 287 F.3d 1108, 1117-18 (Fed. Cir. 2002)). To the contrary, "'a device does not infringe simply because it is possible to alter it in a way that would satisfy all the limitations of a patent

claim.'" SAppx277. (quoting *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1555 (Fed. Cir. 1995)).

Applying this standard, the Court found that Mr. Golden's complaint included "a claim chart purporting to describe the components of the Google Pixel 5 (which Plaintiff asserts is 'representative of all the alleged infringing products of Google asserted in this complaint') that allegedly map onto the elements of an independent claim for each of the asserted patents." SAppx278 (quoting SAppx76). As Mr. Golden's "chart indicates, however, at least two elements of each independent claim included in the chart are allegedly satisfied only when the phone has the Android Team Awareness Kit (ATAK) downloaded." SAppx278-279. Thus, the Court concluded, "[e]ven affording Plaintiff the benefit of the doubt, his own claim chart makes it clear that Defendant's products purportedly infringe because of the characteristics of the ATAK application." SAppx279. And "Plaintiff's complaint alleges that ATAK is not made by Google, and he does not allege that ATAK comes pre-loaded on Google phones." SAppx279. "Accordingly, the Court finds that Plaintiff fails to adequately allege direct infringement by Google." SAppx279.

The Court could not "say at this stage that amendment necessarily would be futile," and thus granted leave to amend. SAppx280-281.

### 4. Mr. Golden's Amended Complaint

On August 23, 2023, Mr. Golden filed his amended complaint. SAppx282-561. The amended complaint alleged infringement of four patents: the '287, '439 and '189 patents from the original complaint, and the added '619 patent. SAppx283. The amended complaint included Exhibit G, "an element-by-element claim chart of Plaintiffs alleged literal, infringement under the doctrine of equivalents, and contributory infringement claims." SAppx311; *see* SAppx399-439. Exhibit G contained five claim charts, each charting claim 5 of the '287 patent, claim 23 of the '439 patent, claim 1 of the '189 patent, and claim 11 of the '619 patent against a "Google Pixel 7 Smartphone." SAppx311. Each of the five charts included 19 rows that Appellant matched to various claim elements. SAppx399-439.

Appellant matched row 12 of each chart to the eleventh element of claim 5 of the '287 patent ("at least one sensor . . . "), *see* SAppx404; the fifth element of claim 23 of the '439 patent ("the cell phone is at least a fixed portable or mobile communication device . . . "), *see* SAppx404; the fifth element of claim 1 of the '189 patent ("the communication device is at least a fixed . . . "), *see* SAppx404; and the eighth element of claim 11 of the '619 patent ("processing instructions to monitor . . . "). *See* SAppx404.

Appellant matched row 13 of each chart to the twelfth element of claim 5 of the '287 patent ("one or more detectors . . ."), *see* SAppx404; the seventh element of claim 23 of the '439 patent ("at least one of a chemical sensor . . ."), *see* SAppx404; the seventh element of claim 1 of the '189 patent ("wherein the communication device . . ."), *see* SAppx404; and the eighth element of claim 11 of the '619 patent ("processing instructions to monitor . . ."). *See* SAppx404.

Appellant then attempted to show infringement of each patent under the various theories in his complaint. Under Appellant's first theory of infringement, he alleged infringement of the elements in rows 12 and 13 by:

> ATAK-CIVILIAN *Android Team Awareness Kit*, ATAK (built on the Android operating system) on an end-user device such as a smartphone or a tablet. With DTRA's contribution, ATAK-CIV now includes chemical, biological, radiological, and nuclear (CBRN) plug-ins.

SAppx404. Under Appellant's second theory of infringement, he alleged infringement of the elements in rows 12 and 13 by:

> Google's NFC Sensor: Nascent tech embedded in the phone. NFC for wireless electronic, portable selective detection of gasphase chemicals. Conversion of an NFC tag enables wireless rf detection of chemical analytes with smartphone. Google NFC smartphones communicate with NFC tags.

SAppx412. Under Appellant's third theory of infringement, he alleged infringement of the elements in rows 12 and 13 by:

> Google's camera lens with microfluidic lens functions as camera; uses microscope to focus on a chemical sensor. Google's megapixel camera captures the image from the array of nanopores uses fluid. Sensors in one array is determined by the pixel resolution phone camera.

SAppx420.  Under Appellant's fourth theory of infringement, he alleged

infringement of the elements in rows 12 and 13 by:

> Google Smartphone Biosensors: Ambient light sensor; Capillary inlet: (Air analysis); Capillary inlet (Fluid analysis); Microfluidic cassette; VIS-NIR spectrometer; NNAP Electrodes; Optical Waveguide; Back and front camera; and, Microphone.

SAppx428.  Under Appellant's fifth theory of infringement, he alleged

infringement of the elements in rows 12 and 13 by:

> Google Beacon: Bluetooth; GPS; Wi-Fi.  Google Android smart phones and WiFi/Bluetooth beacons as detectors and sources.  Google's GPS, WiFi, Bluetooth phone [CBRNE] sensors and beacon signals to calculate distance.  Filtering WiFi/ Bluetooth ranging and GPS location data.

SAppx436.

### 5.    Google's Motion to Dismiss the Amended Complaint

Google moved to dismiss the amended complaint.  SAppx562-580.

Google's motion cited the District Court's ruling "in granting Google's previous

motion to dismiss, '[t]hat a device is capable of being modified to operate in an

infringing manner is not sufficient, by itself, to support a finding of infringement.'"

SAppx569 (alteration in original) (citations omitted).  Google explained that "[t]he

amended complaint includes five separate infringement theories, shown in five sets

of infringement charts in Exhibit G," but that "[a]ll five theories fail this test."

SAppx569; *see* SAppx569-572.  Specifically, Google argued that:

- "Mr. Golden's first theory of infringement, set forth on pages 2-9 of Exhibit G, requires the use of 'ATAK-CIVILIAN,'" but "Mr. Golden

admits in his amended complaint that ATAK-CIVILIAN, a 'digital application available to warfighters throughout the DoD,' is a 'third-party' application, which a user must choose to install." SAppx570; *see* SAppx569-572.

- "Mr. Golden's second theory of infringement, set forth on pages 10-17 of Exhibit G, requires 'Google's NFC Sensor,'" but "Mr. Golden admits that 'Google NFC smartphones communicate with NFC tags,' confirming that the 'NFC tags' are external to Google products." SAppx570; *see* SAppx569-572.

- "Mr. Golden's third theory of infringement, set forth on pages 18-25 of Exhibit G, requires 'Google's camera lens with microfluidic lens'" but "the complaint admits that Google's Pixel devices do not include a 'microfluidic lens,' cannot use a 'microscope to focus on a chemical sensor,' and cannot 'capture[] the image from the array of nanopores us[ing] fluid.'" SAppx570-571; *see* SAppx569-572.

- "Mr. Golden's fourth theory of infringement, set forth on pages 26-33 of Exhibit G, requires a list of 'Smartphone Biosensors' that the complaint confirms do not appear in Google's accused devices." SAppx571; *see* SAppx569-572.

- "Mr. Golden's fifth theory of infringement, set forth on pages 34-41 of Exhibit G, requires 'Google Beacon'" but "the amended complaint itself admits that Google Beacon is separate from the accused Pixel devices." SAppx572; *see* SAppx569-572.

As a result, Google concluded, each of Appellant's "direct infringement theories require modification of Google's products to show infringement, and thus confirm that Google's products themselves do not infringe—the same failure that doomed plaintiff's original complaint." SAppx568. Additionally, Google argued that the indirect infringement claims failed because the amended complaint "failed to allege direct infringement of the patents-in-suit." SAppx573; SAppx573-578.

Finally, Google argued that, even assuming direct infringement, the complaint failed to allege induced, contributory, or joint infringement. SAppx573-579.

In his opposition, Mr. Golden reiterated his view that this Court's opinion in *Golden v. Apple Inc.*, 2022 WL 4103285, "bars Google from challenging whether Plaintiff has pled enough facts and provided sufficient notice to the Defendant Google." SAppx586; SAppx609; *see also* SAppx584-594. Appellant also attempted to defend his direct infringement allegations, SAppx600-603, but in the process admitted their flaws:

- Defending his first theory of infringement by ATAK-CIVILIAN, Appellant admitted that "the ATAK-CIV *software* application" is what "enables the CBRNE sensors to monitor, detect, and relay data," and reconfirmed that "the ATAK-CIV software application" is separate from Google's accused devices. SAppx600 (emphasis in original); *see, e.g.*, SAppx605 ("ATAK is built on the Android operating system"); SAppx605-606 (claiming "Government Agencies" developed "software apps for CBRNE detection" including "ATAK-CIV (CBRN)").

- Defending his second theory of infringement by NFC tags, Appellant admitted that he alleged infringement only upon transmission of "payloads of data between the NFC tags and the Android-powered Google Pixel 6a, 7, 7a, 7 Pro, and Fold smartphones," reconfirming that the "NFC tags" are both necessary for infringement and separate from the accused devices. SAppx600-601; *see, e.g.*, SAppx592 ("MIT chemists devised a new way to wirelessly detect hazardous gases with a sensor that can be read by a smartphone . . . The new sensors are made from modified near-field communication (NFC) tags," and "can be read by any smartphone that has NFC capability").

- Defending his third theory of infringement by a microfluidic lens, Appellant cited, as he did in his complaint, to G. Singh & N. Sardana, Smartphone-based Surface Plasmon Resonance Sensors: a Review, 17

– 16 –

PLASMONICS 1869 (June 10, 2022), which states that "surface plasmon resonance" or "SPR" sensors "are being developed for real-time and label-free detection of water pollutants, toxins, disease biomarkers, etc.," that "[s]martphones provide hardware and software capability which can be incorporated into SPR sensors," and that "[t]he camera, screen, and LED flashlight of the smartphone can be employed as components of the sensor." SAppx601 (citing and linking to Singh & Sardana); *see* SAppx307 (same).

- Defending his fourth theory of infringement by biosensors, Appellant submitted only general allegations about the history of smartphones, a description of unaccused Google devices, a recent case in the Western District of Texas, and his familiar preclusion argument, thus abandoning any contrary argument. SAppx601-602.

- Defending his fifth theory of infringement by Google Beacon, Appellant asserted that "[t]he Google Beacon is considered an integral part" of the accused Pixel devices, but provided nothing to support this claim, or to rebut the contrary admissions in the complaint. SAppx602-603. As before, he responded only with irrelevancies, abandoning any further argument. SAppx602-603.

Appellant maintained that Google's products directly infringe the asserted patents. SAppx600-603. Appellant also maintained his claims of indirect and joint infringement, but did not respond to Google's arguments in its motion, instead repeating allegations from the amended complaint. SAppx603-606.

Google's reply brief pointed out these and other flaws. SAppx751-764. Appellant moved for leave to file a sur-reply on the grounds that Google's reply raised new issues, SAppx771, but the District Court denied this motion, finding that "Google's reply did not submit new evidence, and Golden's proposed sur-reply does not reference a newly published relevant judicial opinion." SAppx1.

### 6. The District Court's Dismissal of the Amended Complaint

The District Court dismissed the amended complaint. SAppx1-43. The Court first found that Appellant failed to state a claim of direct infringement. SAppx3-5. The District Court reviewed Appellant's "five theories of direct infringement" (SAppx2, citing SAppx306, SAppx399-445), and found that:

- Mr. Golden's first theory of infringement by ATAK-CIVILIAN "fails for the same reason as the original complaint: it requires the use of ATAK, a third-party application that the user must install on the accused product, for at least two elements of each asserted claim." SAppx3.

- Mr. Golden's second theory of infringement by NFC tags "does not allege that the converted NFC tags are part of the accused smartphones. Thus, the FAC alleges only that the accused smartphones are capable of being modified to operate in an infringing manner, which is insufficient to support a finding of infringement." SAppx3.

- Mr. Golden's third theory of infringement by a microfluidic lens "relies on the combination of 'Google's camera lens' with a 'microfluidic lens' that 'uses a microscope to focus on a chemical sensor' to support infringement," but "alleges that the chemical sensor is an external component, not part of the smartphone camera," and thus "fails because the accused products do not infringe without modification." SAppx3.

- Mr. Golden's fourth theory of infringement by biosensors requires "an 'add on device' with the alleged biosensors (i.e., 'capillary inlet,' 'microfluidic cassette,' VIS-NIR spectrometer, and 'NNAP electrodes') *attached* to a nondescript smartphone. As such, this theory also requires modification to the accused smartphones to state an infringement claim." SAppx4 (emphasis in original) (internal citation omitted); *see* SAppx9-40 (incorporating by reference diagram referenced in complaint). "Accordingly, Golden's allegation appears to be that Google may incorporate these biosensors in the future,

– 18 –

which does not state a plausible claim that infringement has occurred or is imminent." SAppx4.

- Mr. Golden's fifth theory of infringement by Google Beacon "fails" because "it requires 'Google Beacon,' which the FAC's own illustrations show is a separate device from the accused smartphones." SAppx4.

The District Court concluded that all five of Mr. Golden's infringement theories "suffer from the same defect for which the original complaint was dismissed: the theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." SAppx2 (citing *Golden v. Samsung Elecs. Am., Inc.*, 2024 WL 539973, at *3).

The Court further found that the amended complaint failed to state a claim of indirect infringement. SAppx5-6. The Court found that "Golden alleges indirect infringement on two theories: (1) contributory infringement based on the Google Tensor Chipset (FAC, Ex. G at 2), and (2) inducement and contributory infringement involving Draper Laboratory, Inc., the developers of 'ATAK-CIVILIAN,' and the Defense Threat Reduction Agency ('DTRA'), the developers of 'ATAK-MILITARY.'" SAppx5 (citation omitted). But, the Court found, "Golden concedes that there was no such direct infringement by any of those parties." SAppx5-6. Even assuming direct infringement, the Court found that the "entirely conclusory" allegations of the amended complaint "fail[] to allege facts plausibly supporting an inference that Google purposely induced Draper

Laboratory or DTRA to infringe the patents-in-suit," and that the complaint's "mere invocation of the 'doctrine of willful blindness'" is "insufficient to allege the requisite intent without factual allegations supporting the theory's application." SAppx6 (quoting SAppx285). Similarly, "for contributory infringement, the FAC fails to plead facts supporting any of the elements of that claim against Google," because it "lacks factual allegations regarding Google's knowledge of the patents-in-suit and patent infringement," "does not explain to whose infringement the Tensor Chipset contributes," and includes only "allegations that the Tensor Chipset lacks any substantial non-infringing uses [that] are entirely conclusory." SAppx6 (citation omitted).

Finally, the District Court found that the amended complaint failed to state a claim of joint or willful infringement. "It appears that Golden is alleging joint infringement by Google and Draper Laboratory, or possibly by Google and DTRA, but there are no factual allegations regarding the degree of control that Google had over Draper Laboratory or DTRA, or vice versa, or supporting that those entities formed a joint enterprise." SAppx7; *see* SAppx6-7. And "the FAC makes only conclusory statements about Google's alleged willful infringement," and again includes "no factual allegations supporting that Google knew about the patents-in-suit or any alleged infringement." SAppx7.

The District Court denied leave to amend, finding that, "[a]s Golden was already granted leave to amend once in this case but was unable to correct the deficiencies, further leave to amend would be futile." SAppx8.

Appellant sought reconsideration and disqualification of the presiding Judge. SAppx786-875. The District Court denied these motions. SAppx41-43. The Court found that Mr. Golden had failed to provide the affidavit required by 28 U.S.C. § 144, and in any event, that he sought "disqualification because of the undersigned's adverse ruling on Google's motion to dismiss, contending that the reasoning and outcome in that decision demonstrates bias against him." SAppx42. "But 'conduct or rulings made during the course of the proceeding' are not grounds for disqualification." SAppx42 (quoting *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988)). The Court further found that Mr. Golden's "motion for reconsideration repeats some of Golden's arguments at the motion to dismiss stage, ultimately disagreeing with the Court's ruling resolving the case [at] the pleadings stage," but "does not provide any new evidence, legal authority, or arguments that would justify amending or altering the judgment," and therefore denied it. SAppx43.

## E.    This Appeal

On June 21, 2024, Mr. Golden filed a notice of appeal. SAppx876-877. On July 1, 2024, this Court docketed the appeal. Fed. Cir. Docket No. 1.

On July 17, 2024, Mr. Golden filed a motion for summary affirmance. Fed. Cir. Docket No. 10. In that motion, Mr. Golden asked this Court to "summarily affirm the 09/08/2022 order of this Court of Appeals for the Federal Circuit that Golden ha[s] plead[ed] enough fact[s] to raise a reasonable expectation that discovery will reveal that the defendant is liable for the misconduct alleged." Fed. Cir. Docket No. 10 at 2 (internal quotation marks omitted). As Google explained in its opposition, "Mr. Golden's motion, although styled as seeking summary affirmance, appears to seek summary reversal of the District Court's dismissal." Fed. Cir. Docket No. 14 at 11.

On September 25, 2024, this Court denied Mr. Golden's motion. Fed. Cir. Docket No. 16 at 2 (citing *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)).

## SUMMARY OF THE ARGUMENT

The District Court correctly dismissed Appellant's amended complaint for failing to allege direct infringement, because its infringement theories all "suffer from the same defect for which the original complaint was dismissed: the theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." SAppx2.

On this appeal, Appellant primarily argues that this Court's prior ruling in *Golden v. Apple*, 2022 WL 4103285, controls the outcome here. But that ruling considered only the District of South Carolina's dismissal for frivolity, and

specifically declined to reach the issues now before this Court, including whether Appellant's complaint stated a claim of infringement by Google. Under the law of collateral estoppel, it has no bearing here.

Finally, although this Court need not reach these issues in light of Appellant's failure to allege direct infringement, the District Court correctly found that the amended complaint failed to allege indirect, joint and willful infringement.

This Court should therefore affirm the District Court's order.

## <u>STANDARD OF REVIEW</u>

This Court applies "regional circuit law to the review of motions to dismiss. The Ninth Circuit reviews appeals of a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) *de novo*." *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015) (citing *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282 (Fed. Cir. 2013)). Federal Rule of Civil Procedure 12(b)(6) "require[s] well-pleaded facts, not legal conclusions, that 'plausibly give rise to an entitlement to relief.'" *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although pleadings by *pro se* litigants are "held to less stringent standards than formal pleadings drafted by lawyers" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[c]ourts may scour *pro se* pleadings in search for a legal

argument, but they cannot excuse a litigant's failure to bring a claim entitled to legal remedy." *Steffen v. United States*, 995 F.3d 1377, 1380 (Fed. Cir. 2021).

"The Ninth Circuit reviews a district court's denial of leave to amend a complaint for abuse of discretion." *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1288 (Fed. Cir. 2024) (citing *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021)). "The question of futility of amendment, however, is reviewed *de novo*." *Id.* (citing *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016)). "A determination of futility contemplates whether, upon *de novo* review, the amendment could present a viable claim on the merits for which relief could be granted." *Id.* (quoting *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014)).

"Our law is well established that arguments not raised in the opening brief are waived." *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) (citing *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1320-21 n.3 (Fed. Cir. 2005)); *see also Yufa v. TSI, Inc.*, 600 F. App'x 747, 754 (Fed. Cir. 2015) (*pro se* appellant waived an argument by failing to raise the argument in his opening brief); *Bannum, Inc. v. United States*, 779 F.3d 1376, 1382 (Fed. Cir. 2015) ("'An issue that falls within the scope of the judgment appealed from but is not raised by the appellant in its opening brief on appeal' may

properly be deemed waived") (quoting *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999)).

## ARGUMENT

I. **This Court's Previous Ruling, Which Vacated and Remanded the District of South Carolina's Dismissal for Frivolity, Has No Bearing on This Appeal From the Northern District of California's Dismissal for Failure to State a Claim on Which Relief Can Be Granted**

Much of Appellant's brief argues that this Court's prior ruling in *Golden v. Apple Inc.*, 2022 WL 4103285, controls the outcome of this appeal. Informal Br. at 16-30.[2] But Appellant misreads the prior ruling and the law of collateral estoppel. Correctly understood, this Court's prior ruling has no bearing here.

---

[2] As part of this argument, Appellant references three 'claim charts' that he states were "presented to the Trial Court Judge." Informal Br. at 25, 27, 29; *see id.* at 25-30. But these 'claim charts' were not in the record before the District Court, and thus cannot form part of the record on this appeal, Fed. R. App. P. 10(a), and this Court should not consider them. *See Moore U.S.A., Inc. v. Standard Reg. Co.*, 229 F.3d 1091, 1116 (Fed. Cir. 2000) (declining to "supplement the record with evidence concerning an allegedly infringing form that was not before the district court"). These 'claim charts' also fail to identify specific infringing functionality, but merely repeat conclusory claims referencing a "Google Tensor" (*e.g.*, Informal Br. at 29-30) or a "Google Pixel smartphone" (*e.g., id.* at 27-28), and continue to rely on "the DTRA ATAK software" (*id.* at 25) and the microfluidic lens (*see id.* at 27). Had Appellant included these charts with his complaint, they would also have failed, for none comes close to alleging that any Google product "executes all of the claimed functions at least some of the time or at least once in the claim-required environment." *INVT SPE LLC v. Int'l Trade Comm'n*, 46 F.4th 1361, 1377 (Fed. Cir. 2022).

## A.     The Doctrine of Issue Preclusion

The doctrine of issue preclusion "bars subsequent litigation on an issue of law or fact that was actually litigated."  *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1054-55 (Fed. Cir. 2014) (applying Ninth Circuit law).[3]  Collateral estoppel can bar an argument only if:

> (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits.

*Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019) (quoting *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012), *as amended* (May 3, 2012)).  "The burden is on the party seeking to rely upon issue preclusion to prove each of the elements have been met."  *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050-51 (9th Cir. 2008).

## B.     No Court Has Actually Litigated or Resolved the Issues Here

Issue preclusion cannot govern this appeal, as no previous Court has actually litigated and decided the issues before this Court.  Appellant relies on *Golden v.*

---

[3] "Issue preclusion is 'a purely procedural issue' as presented here," so this Court will "apply the law of the regional circuit—in this case, the Ninth Circuit." *Koss Corp. v. Bose Corp.*, 107 F.4th 1363, 1366 (Fed. Cir. 2024) (quoting *RF Del., Inc. v. Pac. Keystone Techs., Inc.*, 326 F.3d 1255, 1261 (Fed. Cir. 2003)).  The Ninth Circuit "review[s] *de novo*" "'whether issue preclusion is available.'" *Hardwick v. Cnty. of Orange*, 980 F.3d 733, 739 (9th Cir. 2020) (quoting *Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 828 (9th Cir. 2018)).

*Apple*, 2022 WL 4103285, which arose from Mr. Golden's previous action against Google before the District of South Carolina. *See supra* § B. But this Court's prior opinion considered only the District of South Carolina's conclusion that Mr. Golden's complaint "should be dismissed with prejudice because it is frivolous." *Golden v. Google*, 2021 WL 5083804, at *3; *see supra* § C. And this Court's prior opinion concluded only that the complaint before it was "not facially frivolous." *Golden v. Apple*, 2022 WL 4103285, at *2. Indeed, this Court specifically confirmed that "[o]ur decision does not preclude subsequent motions to dismiss by the defendant for failure to state a claim or for summary judgment. We express no opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous." *Id.*; *see supra* § C.

"An issue is actually litigated when an issue is raised, contested, and submitted for determination." *Janjua*, 933 F.3d at 1066. The only issue before this Court in *Golden v. Apple*—and, as the opinion was careful to note, the only issue on which it ruled—was whether the District of South Carolina's pre-service review procedure should bar Mr. Golden from serving Google with his claims. *See Golden v. Apple*, 2022 WL 4103285, at *1. This Court concluded that it should not, *see id.* at *2; following that ruling Mr. Golden proceeded to serve Google with his claims, and this Court's prior ruling provides no further relief. *See id.* For this

reason alone, this Court can and should dispense with Appellant's claim of collateral estoppel.

## C.     Google Did Not Have a Full and Fair Opportunity to Litigate

Mr. Golden's issue preclusion argument fails for another, independent reason:  Google never appeared as a party to the previous action.  Issue preclusion bars a "party who has had one fair and full opportunity to prove a claim and has failed in that effort" from going "to trial on the merits of that claim a second time." *Blonder-Tongue Lab'ys, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324 (1971).  But Google litigated nothing in the South Carolina action or Mr. Golden's appeal from that action, because the District of South Carolina prevented service of the complaint.  *Golden v. Google, LLC*, 2021 WL 5083804, at *3; *see generally Golden v. Google*, *LLC*, No. 21-244 (D.S.C.).  As a result, Google has never "raised, contested," or "submitted for determination" any issue.  *Janjua*, 933 F.3d at 1066.  Even if this Court's prior opinion were an "existing adjudication[] of the identical issue"—which it was not—because Google had not been able to present "evidence and arguments on the claim," due process would require that Google "may not be collaterally estopped without litigating the issue."  *Blonder-Tongue Lab'ys*, 402 U.S. at 329 (citing *Hansberry v. Lee*, 311 U.S. 32, 40 (1940)); *see, e.g., Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.7 (1979) ("It is a violation of due process for a judgment to be binding on a litigant who was not a

party or a privy and therefore has never had an opportunity to be heard").  Because Google had no opportunity to appear before the District of South Carolina or this Court, due process prohibits issue preclusion against Google, and this Court can dispense with plaintiff's claim for this reason as well.

### D. This Court Has Previously Confirmed the Limited Scope of Its Order Vacating the District of South Carolina's Frivolity Ruling

At least twice before, this Court has confirmed that its ruling in *Golden v. Apple* meant what it said.  In *Golden v. Qualcomm*, Mr. Golden argued that his claim charts in that action adequately stated a claim because "they 'mirror' a claim chart presented in a previous case, *Golden v. Apple Inc.*"  No. 23-1818, 2023 WL 6561044, at *2 (Fed. Cir. Oct. 10, 2023).  But this Court explained that "*Golden v. Apple Inc.* provides no help in this context because this court explicitly stated there that '[w]e express no opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous.'"  *Id.* (alteration in original) (quoting *Golden v. Apple Inc.*, 2022 WL 4103285, at *2).  Similarly, in *Golden v. Samsung*, Appellant argued that *Golden v. Apple* "precluded the district court's dismissal of his complaint for failure to state a claim in this proceeding."  2024 WL 539973, at *2.  But this Court again confirmed that its prior holding that Mr. Golden's complaint against Google "was not facially frivolous does not answer the question of the sufficiency of Mr. Golden's complaint against Samsung in this proceeding."

*Id.* This Court should follow its previous rulings and conclude that collateral estoppel does not apply here.

## II. The Amended Complaint Fails to State Claims of Direct Infringement

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In pleading patent infringement, a plaintiff cannot satisfy the pleading standards set forth in *Twombly* and *Iqbal* "by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Id.* at 1353; *see, e.g.*, *Artrip v. Ball Corp.*, 735 Fed. App'x 708, 715 n.4 (Fed. Cir. 2018); *Arunachalam v. Apple, Inc.*, 806 F. App'x 977, 981 (Fed. Cir. 2020). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully." *Bot M8 LLC*, 4 F.4th at 1352 (quoting *Iqbal*, 566 U.S. at 678). A "plausible claim must do more than merely allege entitlement to relief; it must support the grounds for that entitlement with sufficient factual content." *Id.*

### A. As This Court Has Repeatedly Held, a Device That Must Be Modified to Infringe is a Not an Infringing Device

"Because we require claim limitations to have some teeth and meaning, proof of reasonable capability of performing claimed functions requires, at least as a general matter, proof that an accused product—when put into operation—in fact executes all of the claimed functions at least some of the time or at least once in the claim-required environment." *INVT*, 46 F.4th at 1377. Accordingly, this Court has repeatedly "rejected finding infringement based on an accused product being 'merely *capable* of being *modified* in a manner that infringes.'" *Id.* at 1376 (emphasis in original) (quoting *Fantasy Sports*, 287 F.3d at 1117-18) (collecting cases); *see, e.g., Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (affirming summary judgment of non-infringement where products "do not infringe without modification—the modification of installing the required software"); *Fantasy Sports*, 287 F.3d at 1117-18 (rejecting argument "that infringement may be based upon a finding that an accused product is merely capable of being modified in a manner that infringes the claims of a patent"); *Okor v. Sega of Am.*, 30 F. App'x 950, 952 (Fed. Cir. 2002) (affirming summary

judgment of non-infringement over argument "that the accused systems could be redesigned to satisfy the claim language"); *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001) ("Under the precedent of this circuit, however, that a device is capable of being modified to operate in an infringing manner is not sufficient, by itself, to support a finding of infringement."); *Stryker Corp. v. Davol, Inc.*, 234 F.3d 1252, 1257 (Fed. Cir. 2000) (despite claim that accused product "could be modified to meet" the claims, "[i]n the absence of evidence that the accused hand piece is presently capable of" infringement, "the court properly granted summary judgment of non-infringement."); *High Tech Med. Instrumentation, Inc.*, 49 F.3d at 1555 (reversing order granting preliminary injunction after finding that "a device does not infringe simply because it is possible to alter it in a way that would satisfy all the limitations of a patent claim"). Indeed, courts have applied this doctrine to Appellant's prior litigation at least twice. *Golden v. Samsung Elecs. Am., Inc.*, 2024 WL 539973, at *3 (affirming dismissal of complaint claiming that "Samsung's smartphones might be modified post-sale to perform the accused detector/sensor functionality, which is not enough for direct infringement on the claims here"); *Golden v. United States*, No. 13-307, 2021 WL 3238860, at *6 (Fed. Cl. July 29, 2021).

**B.** **The Amended Complaint Accuses of Infringement Devices That Must Be Modified to Infringe, Which Are Not Infringing Devices**

The District Court found that Appellant's infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." SAppx2 (citing *Golden v. Samsung Elecs. Am., Inc.*, 2024 WL 539973, at *3); *see supra* § D.6. Appellant's opening brief in this Court does not challenge the District Court's findings, thus waiving any argument against them. *SmithKline*, 439 F.3d at 1319; *Yufa*, 600 F. App'x at 754. Appellant's brief claims that "[t]he Trial Court's theory of modification is without merit," Informal Br. at 10, but does not address the merits of the District Court's opinion, instead resorting to irrelevancies and accusations against the District Court. *Id.* at 10-13. Appellant argues that the District Court cannot dismiss his complaint without performing claim construction, *id.* at 12-13, but the District Court's decision relies not on the scope of the *patents' claims*, but on the scope of the *complaint's allegations* of accused functionality, which the Court needs no claim construction to understand. Nowhere does Appellant argue that the accused devices contain the ATAK application, NFC tags, a microfluidic lens, biosensors, or Google Beacon. *See supra* § D.5.

Even if Appellant had preserved in this Court his arguments against the District Court's findings, however, those arguments would fail. Google's motion to dismiss the amended complaint explained its flaws in detail, *see supra* § D.5,

and in response to each theory Appellant's opposition in the District Court either agreed that Google was correct, or did not contest the point. *See id.* To the extent that Mr. Golden did not waive his arguments in the District Court, his arguments reinforced that his complaint could not state a claim of infringement by the accused devices, as they confirmed that the accused devices by themselves could not infringe. *See supra* §§ D.5, D.6. In "pleading its claims, a plaintiff may find it has pleaded itself out of court." *Bot M8 LLC*, 4 F.4th at 1354. Appellant did so in his amended complaint, *see supra* § D.4, affirmed his pleading in response to Google's motion to dismiss, *see supra* § D.5, and failed to challenge the District Court's opinion here. This Court should affirm the District Court's dismissal of all claims.

## III. The Amended Complaint Fails to State Claims of Indirect Infringement

### A. Indirect Infringement Requires Direct Infringement

"Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement[.]" *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004); *see also Heidary v. Amazon.com, Inc.*, No. 24-1580, 2024 WL 4489918, at *5 (Fed. Cir. Oct. 15, 2024) (same affirming dismissal of *pro se* complaint). Appellant's complaint failed to allege direct infringement, *see supra* § II; this failure also bars his indirect infringement claims.

**B.      The Amended Complaint Fails to Allege Indirect Infringement**

While Appellant's failure to allege direct infringement is fatal to his claims of indirect infringement, should this Court choose to consider those claims of indirect infringement, they are also insufficient on their own merits. "To state a claim for induced infringement, a plaintiff must allege that the defendant knew of the patent and that the induced acts constitute patent infringement." *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015). As the District Court found, however, the "entirely conclusory" allegations of the amended complaint "fail[] to allege facts plausibly supporting an inference that Google purposely induced" infringement, and its "mere invocation of the 'doctrine of willful blindness' is insufficient to allege the requisite intent without factual allegations supporting the theory's application." SAppx6 (quoting SAppx285); *see supra* § D.6. Appellant's opening brief does not challenge or even address this portion of the District Court's opinion. *SmithKline*, 439 F.3d at 1319; *Yufa*, 600 F. App'x at 754. Nor could it, as the District Court was correct: the amended complaint contains no allegations of facts that could "support[] an inference that Google purposely induced" infringement, and merely mentions the "doctrine of willful blindness" while providing nothing more. SAppx6; *see generally* SAppx282-561.

The same is true for contributory infringement:  the District Court found that "the FAC lacks factual allegations regarding Google's knowledge of the patents-in-suit and patent infringement," "does not explain to whose infringement the Tensor Chipset contributes," and includes only "entirely conclusory" allegations of no substantial non-infringing use.  SAppx6; *see supra* § D.6.  Again, Appellant's opening brief does not address this portion of the District Court's opinion. *SmithKline*, 439 F.3d at 1319; *Yufa*, 600 F. App'x at 754.  Again, the District Court correctly found that the complaint lacked any allegations that could support a claim for contributory infringement.  *See* SAppx6; *see generally* SAppx282-561.

## IV.    The Amended Complaint Fails to Allege Joint Infringement

### A.    Joint Infringement Requires Direct Infringement

"While a typical claim of direct infringement requires proof that a defendant performs each step of the claimed method, joint infringement requires more." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1338 (Fed. Cir. 2016).  "To survive a motion brought under Rule 12(b)(6)," a complaint pleading joint infringement "must plausibly allege that Defendants exercise the requisite 'direction or control' over the performance of the claim steps," which requires among other things that the allegations show "performance of the claim steps."  *Id.* at 1340 (citing *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015)).

Appellant's failure to allege direct infringement, *see supra* § II, thus also bars his joint infringement claim.

**B.    The Amended Complaint Fails to Allege Joint Infringement**

While Appellant's failure to allege direct infringement is fatal to his claims of joint infringement, should this Court choose to consider those claims, they also fail on their own merits.  "To prove joint infringement, where multiple actors are involved in practicing the claim steps, the patent owner must show that the acts of one party are attributable to the other such that a single entity is responsible for the infringement.  This court has held that an entity will be responsible for others' performance of method steps in two circumstances:  '(1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise.'" *Lyda*, 838 F.3d at 1338-39 (quoting *Akamai*, 797 F.3d at 1022).  To claim a joint enterprise, plaintiff must allege "(1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control."  *Akamai,* 797 F.3d at 1023 (citing Restatement (Second) of Torts § 491 cmt. c).

As the District Court correctly found, the amended complaint appeared to allege "joint infringement by Google and Draper Laboratory, or possibly by

Google and DTRA," but included "no factual allegations regarding the degree of control that Google had over Draper Laboratory or DTRA, or vice versa, or supporting that those entities formed a joint enterprise," and thus failed to allege joint infringement. SAppx7; *see* SAppx6-7. Again, Appellant's opening brief does not address this portion of the District Court's opinion. *SmithKline*, 439 F.3d at 1319; *Yufa*, 600 F. App'x at 754. Again, the District Court correctly found that the complaint lacked any allegations regarding "degree of control" or "joint enterprise," thus failing to allege joint infringement. SAppx7; *see* SAppx440-445.

## V.    The Amended Complaint Fails to Allege Willful Infringement

### A.    Willful Infringement Requires Direct Infringement

Willful infringement requires direct infringement. *See, e.g., Bennett Marine, Inc. v. Lenco Marine, Inc.*, 549 F. App'x 947, 957 (Fed. Cir. 2013) ("reversing the district court's judgment of infringement requires us to reverse the judgment of willful infringement"). Appellant's failure to allege direct infringement, *see supra* § II, also bars his willful infringement claim.

### B.    The Amended Complaint Fails to Allege Willful Infringement

While Appellant's failure to allege direct infringement is fatal to his claims of willful infringement, should this Court choose to consider those claims, they also fail on their own merits. "Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness. Rather,

willfulness requires deliberate or intentional infringement." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021).

The District Court correctly found that "the FAC makes only conclusory statements about Google's alleged willful infringement," and includes "no factual allegations supporting that Google knew about the patents-in-suit or any alleged infringement." SAppx7. Again, Appellant's opening brief does not address this portion of the District Court's opinion. *SmithKline*, 439 F.3d at 1319; *Yufa*, 600 F. App'x at 754. Again, the District Court was correct; the amended complaint failed to meet this Court's standard for pleading willful infringement. *See Bayer Healthcare*, 989 F.3d at 988; *see generally* SAppx282-561.

## VI. The District Court Correctly Denied Leave to Amend

The District Court may deny leave to amend a complaint "if the court finds that there has been undue delay that would prejudice the nonmoving party, that the moving party has acted in bad faith, or that the amendment would be futile." *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1353 (Fed. Cir. 2006); *see also Sanderling Mgmt. Ltd. v. Snap Inc.*, 65 F.4th 698, 706 (Fed. Cir. 2023) (affirming denial of leave to amend after evaluating "proposed amendment" and concluding that "amendment of the complaint would have been futile"); *Cultor Corp. v. A.E. Staley Mfg. Co.*, 224 F.3d 1328, 1333 (Fed.

Cir. 2000) ("Futility of the proposed amendment is an adequate reason to deny leave to amend.").

The District Court properly denied leave to further amend. Appellant's first complaint admitted that infringement could occur only with the addition of the ATAK application not made by Google, *see supra* §§ D.1, D.2, and the Court found that his "own claim chart makes it clear that Defendant's products purportedly infringe because of the characteristics of the ATAK application." SAppx279; *see supra* § D.3. When the Court granted leave to amend, *see* SAppx280, Appellant's amended complaint asserted five infringement theories— but all of these theories "suffer from the same defect for which the original complaint was dismissed: the theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." SAppx2 (citing *Golden v. Samsung Elecs. Am., Inc.*, 2024 WL 539973, at *3); *see supra* §§ D.4, D.5, D.6. The District Court concluded that, "[a]s Golden was already granted leave to amend once in this case but was unable to correct the deficiencies, further leave to amend would be futile." SAppx8.

The District Court was correct. To avoid futility, Appellant must show that "the amendment could present a viable claim on the merits for which relief could be granted." *Mobile Acuity*, 110 F.4th at 1288 (quoting *Murray v. Schriro*, 745 F.3d at 1015); *see, e.g.*, *Sanderling*, 65 F.4th at 706 (considering specific

amendments proposed by appellant); *Cultor*, 224 F.3d at 1333 (same).  In this matter, however, Appellant made no such showing either to the District Court or this Court.  Appellant briefly sought leave to amend from the District Court, but did not propose any particular amendment or explain how amendment could present a viable claim.  *See* SAppx607.  Before this Court, Appellant abandoned any claim to further amendment, seeking instead an order vacating and remanding this action so that he can proceed on his current amended complaint.  *E.g.*, Informal Br. at 3.

"When a party faces the possibility of being denied leave to amend on the ground of futility, that party must demonstrate that its pleading states a claim on which relief could be granted, and it must proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion." *Kemin Foods*, 464 F.3d at 1354-55.  Because Appellant "failed to explain how amendment would cure the significant deficiencies" in its claims, "the district court did not abuse its discretion in denying [him] leave to amend [his] complaint." *Mejia v. Chipotle Mexican Grill, Inc.*, 793 F. App'x 519, 522 (9th Cir. 2019) (citing *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655-56 (9th Cir. 2017)). Under similar circumstances, this Court has previously affirmed dismissal of Mr. Golden's claims without leave to amend.  *Golden v. Intel Corp.*, 2023 WL 3262948, at *3 (noting that "Mr. Golden has not explained in his briefing why it

would not be futile for him to amend his complaint" and holding that "we do not think the district court abused its discretion in dismissing Mr. Golden's complaint with prejudice"). Here as there, this Court should affirm the District Court's denial of leave to amend.

## <u>CONCLUSION</u>

For the reasons set forth above, Google respectfully requests that this Court affirm the District Court's dismissal of Appellant's amended complaint.

Date: November 18, 2024

Respectfully submitted,

/s/ Matthew S. Warren
Matthew S. Warren
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
(415) 895-2940
matt@warrenkashwarren.com

*Counsel for Defendant-Appellee Google LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:** 2024-2024

**Short Case Caption:** Golden v. Google LLC

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

- ☑ the filing has been prepared using a proportionally-spaced typeface and includes 9,100 words.

- ☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

- ☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 11/18/2024

Signature: /s/ Matthew S. Warren

Name: Matthew S. Warren

Save for Filing

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF SERVICE</u>

**Case Number**  2024-2024

**Short Case Caption**  Golden v. Google LLC

---

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

---

I certify that I served a copy of the foregoing filing on  11/18/2024

by   ☑  U.S. Mail   ☐  Hand Delivery   ☐ Email   ☐ Facsimile
☐  Other: _____

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Larry Golden, Pro Se | 740 Woodruff Road, No. 1102<br>Greenville, SC 29607<br>atpg-tech@charter.net |
|  |  |
|  |  |
|  |  |
|  |  |

☐   Additional pages attached.

Date: 11/18/2024

Signature:  /s/ Matthew S. Warren

Name:  Matthew S. Warren