NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LARRY GOLDEN,**
*Plaintiff-Appellant*

v.

**GOOGLE LLC,**
*Defendant-Appellee*
_____

2024-2024
_____

Appeal from the United States District Court for the Northern District of California in No. 3:22-cv-05246-RFL, Judge Rita F. Lin.
_____

Decided: June 25, 2025
_____

LARRY GOLDEN, Greenville, SC, pro se.

MATTHEW WARREN, Warren Kash Warren LLP, San Francisco, CA, for defendant-appellee.
_____

Before MOORE, *Chief Judge*, HUGHES and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Before the court is Larry Golden's appeal of a decision by the United States District Court for the Northern District of California dismissing his amended complaint for patent infringement against Google LLC ("Google"). *Golden v. Google LLC*, No. 22-CV-05246-RFL, 2024 WL 1880336, at *1 (N.D. Cal. Apr. 3, 2024) ("*Decision*"), *recons. den.*, No. 22-CV-05246-RFL, 2024 WL 2745904 (N.D. Cal. May 28, 2024). For the reasons stated below, we *affirm*.

## I.   BACKGROUND

Mr. Golden is the named inventor and applicant on U.S. Patent Nos. 10,163,287, 9,589,439, 9,096,189, and 10,984,619. *See generally* '287 patent, '439 patent, '189 patent, '619 patent; *see also* App'x 283.[1] These patents have common specifications and pertain to "a chemical/biological/radiological detector unit with a disabling locking system for protecting products . . . from terrorist activity, and also for preventing unauthorized access to and tampering with the storage and transport of ordnance and weapons." *See, e.g.*, '287 patent col. 3 ll. 36–41.[2]

On September 14, 2022, Mr. Golden sued Google, asserting infringement of the claims of the '287 patent, '439 patent, and '189 patent because Google "makes, uses, offer[s] to sell, or sells Google Pixel smartphones 3, 3XL, 3a, 3aXL, 4a, 4a(5G), and 5." App'x 54–55; *see* App'x 54–213.

---

[1]   We refer to the supplemental appendix filed by Google, ECF No. 23, as "App'x" throughout this opinion.

[2]   Mr. Golden has previously asserted these patents against other defendants. *See, e.g.*, *Golden v. Apple Inc.*, No. 2023-1161, 2023 WL 3400595, at *2 (Fed. Cir. May 12, 2023) (summarizing Mr. Golden's patent infringement filings).

Google moved to dismiss Mr. Golden's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint did not adequately allege infringement. App'x 221, 227; *see* App'x 214–229. The district court granted Google's motion with leave to amend because it could not "say at this stage that amendment necessarily would be futile." App'x 280; *see* App'x 274–281.

On August 22, 2023, Mr. Golden filed an amended complaint adding allegations relating to the '619 patent and newer models of Google's phones. App'x 283; *see* App'x 282–561. Mr. Golden alleged that Google infringed the claims of the asserted patents "jointly, directly, and/or indirectly . . . [or] under the 'doctrine of equivalents.'" App'x 286. Mr. Golden further contended that "Google actively encouraged the [Department of Defense/Defense Threat Reduction Agency ("DoD/DTRA")] and Draper Laboratory Inc.'s infringement, knowing that the acts they induced constituted patent infringement, and their encouraging acts actually resulted in direct patent infringement." App'x 284 (emphasis omitted); *Decision* at *3. Google moved to dismiss the amended complaint. App'x 562–580.

The district court granted Google's motion to dismiss the amended complaint without leave to amend. *Decision* at *5. The district court determined that Mr. Golden's direct infringement allegations failed because his infringement theories required the accused products to be further modified to infringe. *Id.* at *1–3. The district court further determined that Mr. Golden failed to state a claim for indirect infringement because he failed to properly allege direct infringement. *Decision* at *3. Regarding joint and willful infringement, the district court held that Mr. Golden's allegations were too conclusory to state claims, "even applying the lenient pleading standards for *pro se* plaintiffs." *Decision* at *1, 3–4. Lastly, the district court denied leave to amend because amendment would be futile. *Decision* at *4–5. Mr. Golden sought reconsideration and

disqualification of the presiding district court judge. App'x 786–875. The district court denied Mr. Golden's motions for reconsideration and disqualification. App'x 41–43.

Mr. Golden appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II. DISCUSSION

We review a district court's grant of a motion to dismiss according to applicable regional circuit law. *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1288 (Fed. Cir. 2024). The Ninth Circuit reviews de novo a district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id.* To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "pro se pleadings are to be liberally construed," *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005), a "*pro se* plaintiff must still meet minimal standards to avoid dismissal under Rule 12(b)(6)." *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018).

### A.

As an initial matter, Mr. Golden argues that our decision in *Apple* that a different complaint and claim chart from Mr. Golden were "not facially frivolous" precludes dismissal here. *See* Appellant's Br. 16–30; *Golden v. Apple Inc.*, No. 2022-1229, 2022 WL 4103285, at *2 (Fed. Cir. Sept. 8, 2022). Google responds that under the doctrine of issue preclusion, *Apple* has no bearing on this appeal. Appellee's Br. 25–30. We agree with Google.

Although we previously "express[ed] no opinion as to the adequacy of [Mr. Golden's] complaint or claim chart except that it is not facially frivolous," we also concluded that

"[o]ur decision does not preclude subsequent motions to dismiss by the defendant for failure to state a claim or for summary judgment." *Apple*, 2022 WL 4103285, at *2; *see also Golden v. Samsung Elecs. Am., Inc.*, No. 2023-2120, 2024 WL 539973, at *2 (Fed. Cir. Feb. 12, 2024) (discussing the scope of *Apple*), *cert. denied*, 144 S. Ct. 1395 (2024). Accordingly, our decision in *Apple* has no preclusive effect on the dismissal issue in this case.

B.

Mr. Golden also argues that the district court "inappropriately dismissed [Mr.] Golden's case at the pleadings stage," Appellant's Br. 13, because Mr. Golden "provided the [d]istrict [c]ourt with enough factual allegations to show Google makes the alleged[ly] infringing smartphones." Appellant's Br. 14. Google responds that the district court correctly dismissed the amended complaint for failing to state a claim for direct infringement. Appellee's Br. 30–34. Google further argues that the district court correctly found that the amended complaint failed to state claims for indirect infringement, joint infringement, and willful infringement. Appellee's Br. 34–39. We agree with Google.

As the district court explained, the amended complaint fails to sufficiently plead a claim for direct infringement against Google. Although a plaintiff "need not prove its case at the pleading stage" and "is not required to plead infringement on an element-by-element basis," it "cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352–53 (Fed. Cir. 2021) (citation and quotation marks omitted). Each theory of infringement in the amended complaint, App'x 400–439; *Decision* at *1, is deficient for the same reason that Mr. Golden's previous allegations of infringement were deficient: the "factual allegations

6                                               GOLDEN v. GOOGLE LLC

plausibly show, at the most, only that [Google]-made-and-sold smartphones could be modified post-sale by others. There is no plausible allegation that [Google] itself is making, selling (or offering to sell), using, or importing smartphones that have the claimed detector/sensor functionality, either literally or [under the doctrine of] equivalents." *Samsung*, 2024 WL 539973, at *3.

We conclude that the district court did not err in finding that Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." *Decision* at *1; *see also Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (finding no infringement when the accused products "do not infringe without modification—the modification of installing the required software."). Mr. Golden's first theory of infringement requires the use of the third-party app "ATAK-CIV" for at least two limitations of each asserted claim. App'x 300–302 ¶¶ 56–63; *see also* App'x 400–407. Mr. Golden's second theory of infringement requires the use of "NFC tags," which are external to Google products. App'x 307 ("NFC-enabled smartphones communicate with NFC tags."); *see also* App'x 408–415. Mr. Golden's third theory of infringement requires using "Google's camera lens *with* [a] microfluidic lens" that "uses [a] microscope to focus on a chemical sensor." App'x 420–422 (emphasis added); *see also* App'x 416–423. Mr. Golden's fourth theory of infringement requires external sensors that the complaint alleges must be added on to Google's device. App'x 308; *see also* App'x 424–431. Mr. Golden's fifth theory of infringement requires "Google Beacon," a separate device. App'x 308; *see also* App'x 432–439. Therefore, each of Mr. Golden's direct infringement theories solely against Google fails because Mr. Golden's infringement allegations require modification of the accused products to show infringement.

Because Mr. Golden has failed to adequately plead direct infringement by Google, his complaint also fails to

sufficiently plead indirect infringement and willful infringement. *See, e.g.*, *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement, though the direct infringer is typically someone other than the defendant accused of indirect infringement."); *Johnson & Johnston Assocs. Inc. v. R.E. Serv. Co.*, 285 F.3d 1046, 1055 (Fed. Cir. 2002) (because "the district court erred as a matter of law in concluding that RES infringed" the claims of the patent-at-issue, "[c]onsequently, this court reverses the district court's . . . judgment of willful infringement"); *Decision* at *3–4. Therefore, the district court did not err in finding that Mr. Golden fails to state claims of indirect infringement and willful infringement.

In addition, the district court did not err in finding that the amended complaint fails to sufficiently plead a claim for joint infringement. A claim of joint infringement requires "pleading facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) (citing *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc)). Mr. Golden appears to allege joint infringement by Google and Draper Laboratory Inc. and Google and the DoD/DTRA. App'x 284; *see also* App'x 441–445 (claim chart alleging induced, contributory and joint infringement by DoD/DTRA and Draper Laboratory Inc.). However, Mr. Golden does not allege any factual allegations regarding the degree of control that Google had over Draper Laboratory Inc. or DoD/DTRA or allege any facts showing those entities formed a joint enterprise.

Thus, the district court did not err in finding that Mr. Golden fails to adequately allege joint infringement.

### III.  CONCLUSION

We have considered Mr. Golden's remaining arguments and find them unpersuasive. For the above reasons, we *affirm* the district court's judgment.

**AFFIRMED**

COSTS

No costs.